# In the United States Court of Federal Claims

No. 18-178C

(E-Filed: July 20, 2018)

|  |  |
|---|---|
| BGT HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) Motion to Amend Pleadings; |
| | ) RCFC 15. |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Milton C. Johns, Tysons, VA, for plaintiff.

Borislav Kushnir, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION AND ORDER

CAMPBELL-SMITH, J.

On February 2, 2018, plaintiff filed the instant complaint in which it alleges that defendant breached a contract under which plaintiff was to provide a gas turbine generator set to the United States Navy (the Navy). See ECF No. 1 at 2. Defendant has moved to partially dismiss the complaint, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 6. In its response brief, plaintiff opposes the motion to dismiss, and in the alternative, seeks leave of court to amend the complaint, pursuant to RCFC 15(a)(2). See ECF No. 7. Defendant opposes plaintiff's request to amend the complaint in its reply brief. See ECF No. 8. For the following reasons, defendant's motion for partial dismissal is **DENIED**, and plaintiff's motion for leave to amend the complaint is **GRANTED**.

I.   Background

On October 27, 2014, the Navy awarded a contract to plaintiff under which plaintiff was to provide a "stand-alone, complete outdoor-rated air cooled dual fuel LM2500 Gas Turbine Generator Set (GTGS) using [Government Furnished Equipment]" to the Navy "at their site in Philadelphia, Pennsylvania." ECF No. 1 at 2. Plaintiff alleges that in January 2015, Ms. Suzanne Onesti, who worked for the Navy, informed plaintiff that defendant would not provide certain equipment, including an exhaust collector and engine mounts. See id. at 4. Plaintiff asserts that defendant's refusal to do so was contrary to its obligations under the contract. See id. In its complaint, plaintiff seeks reimbursement for the cost of that equipment under three theories: (1) equitable adjustment, see id. at 2-5 (Count I); (2) breach of contract, see id. at 5 (Count II); and (3) breach of duty of good faith and fair dealing, see id. at 6 (Count III).

Defendant moves to dismiss the first three counts of the complaint for four reasons. First, defendant claims that Ms. Onesti lacked the authority to change the contract requirements, and therefore, defendant is not liable for any costs incurred by plaintiff as a result of her communications. See ECF No. 6 at 9-11. On this basis, defendant asks the court to dismiss Counts I, II, and III of the complaint. See id. at 11. Second, defendant alleges that plaintiff failed to assert its right to equitable adjustment within thirty days of the relevant decision, as it was required to do, and as such, Count I of the complaint is untimely. See id. at 11-12. Third, defendant contends that the contract language precludes defendant's liability for breach of contract, thus requiring the dismissal of Count II of the complaint. See id. at 13-14. And finally, fourth, defendant argues that plaintiff's claim in Count III of the complaint, for a breach of the duty of good faith and fair dealing, must be dismissed because allowing recovery on this theory would violate the rule that a party "cannot rely on the implied covenant of good faith and fair dealing to change the text of their contractual obligations." Id. (quoting Century Exploration New Orleans LLC v. United States, 745 F.3d 1168, 1179 (Fed. Cir. 2014)).

In its response to defendant's motion, plaintiff argues that the contracting officer did have the authority to modify the contract and was the relevant decision maker with regard to the provision of equipment. See ECF No. 7 at 3. In the alternative, plaintiff claims that Ms. Onesti's decision was properly ratified. See id. at 4. Plaintiff further argues that: (1) Count I of the complaint should survive a motion to dismiss because defendant has waived the thirty-day requirement for filing claims for equitable adjustment, see id. at 5-7; (2) Count II of the complaint should survive the motion to dismiss because the failure to provide the equipment was a "drastic modification," or a "cardinal change," and is therefore a material breach, id. at 7-8; and (3) Count III of the complaint should survive the motion to dismiss because plaintiff's allegation that defendant breached the duty of good faith and fair dealing is not an attempt to change the text of the contract, see id. at 8.

In the alternative, plaintiff asks that the court permit it to amend the complaint. See id. Defendant opposes plaintiff's request on the basis that amending the complaint would be futile. See ECF No. 8 at 6.

II.   Legal Standards

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The United States Court of Appeals for the Federal Circuit has noted that amendment should be "liberally allowed," absent any "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." A & D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

III.   Analysis

After reviewing the parties' submissions in this case, the court concludes that allowing plaintiff an opportunity to amend the complaint is appropriate. Plaintiff has not previously sought to amend the complaint, and there is no suggestion—either from defendant, or on the basis of the facts as alleged—that plaintiff has any dilatory or otherwise improper motive in seeking to amend the complaint. Defendant's only basis for opposing amendment is its view that amendment would be futile. See ECF No. 8 at 6.

Defendant's position may ultimately prove to be correct, but the court is not prepared to make that determination at this time. Plaintiff has raised the possibility that it may be able to make more precise or additional allegations, particularly with regard to the contracting officer's role as the relevant decision maker, which the court would like to consider. As such, the court will follow the Federal Circuit's directive that amendment shall be liberally allowed.

IV.   Conclusion

Accordingly, defendant's motion for partial dismissal of the complaint, ECF No. 6, is **DENIED**. Plaintiff's motion for leave to amend the complaint, ECF No. 7, is **GRANTED**. Plaintiff shall **FILE** its **amended complaint** on or before **August 17, 2018**.

IT IS SO ORDERED.

                                                s/Patricia E. Campbell-Smith
                                                PATRICIA E. CAMPBELL-SMITH
                                                Judge