# In the United States Court of Federal Claims

No. 18-178C

(E-Filed: October 22, 2019)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| BGT HOLDINGS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Motion to Alter or Amend Judgment; RCFC 59(e). |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

      On April 5, 2019, the court issued a ruling granting defendant's motion to partially dismiss plaintiff's amended complaint. See ECF No. 16 (opinion and order). Thereafter, the clerk's office entered partial final judgment on the subject claims, dismissing the claims with prejudice. See ECF No. 17. On May 3, 2019, plaintiff moved the court to alter or amend the judgment pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 18. By order of the court, defendant filed the government's response to plaintiff's motion, on May 29, 2019. See ECF No. 21. For the reasons set forth herein, plaintiff's motion is **DENIED**, and the judgment entered on Counts I, II, and III shall remain unaltered. Plaintiff's motion, however, has prompted the court to clarify the legal standard as stated in its April 5, 2019 opinion and order. The court shall issue an erratum to its April 5, 2019 opinion and order in due course.

I.      Background[1]

The court previously concluded that plaintiff had failed to state a claim upon which relief could be granted with regard to the first three counts of plaintiff's five-count amended complaint.  See ECF No. 16 at 6.  In its motion to alter or amend the judgment, plaintiff asks the court to "vacate its Opinion and Order granting Defendant partial dismissal of Plaintiff's Amended Complaint, and issue an Opinion and Order denying in its entirety Defendant's motion for partial dismissal of Plaintiff's Amended Complaint."  See ECF No. 18 at 7.

II.     Legal Standards

Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  "'[A]ny motion . . . which seeks a substantive change in the judgment will be considered [an RCFC 59(e)] motion.'"  Johnson v. United States, 127 Fed. Cl. 661, 663 (2016) (alteration in original) (footnote omitted) (quoting Maxus Energy Corp. & Subsidiaries v. United States, 31 F.3d 1135, 1139 (Fed. Cir. 1994)).  "The legal standard for determining whether a change is 'substantive' is a practical one—whether the motion seeks a revision which disturbs or revises legal rights and obligations that were settled by the previous judgment."  Id. (citations omitted).

Under Federal Rule of Civil Procedure 59(e), "[a] proper motion to alter or amend judgment must rely on one of three major grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law to prevent manifest injustice."  Ajinomoto Co. v. Archer-Daniels-Midland Co., 228 F.3d 1338, 1350 (Fed. Cir. 2000) (internal quotation marks and citations omitted).  This court applies the same standard, and will grant such a motion under "extraordinary circumstances," including:  "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  IAP Worldwide Servs., Inc. v. United States, 141 Fed. Cl. 788, 800 (2019) (internal citations omitted).

III.    Analysis

In its motion, plaintiff asserts, among other alleged errors, that the court applied the incorrect legal standard in evaluating its claims.  Specifically, the court quoted the following statement from Bristol Bay Area Health Corp. v. United States, 110 Fed. Cl.

---

[1]     The court explained the relevant facts underlying plaintiff's complaint in its opinion granting defendant's motion for partial dismissal.  See ECF No. 16.  In order to focus on plaintiff's presently pending motion, those facts are not repeated here.

251 (2013), as part of its recitation of legal standards:  "[i]n ruling on a RCFC 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to plaintiff."  Bristol Bay, 110 Fed. Cl. at 259 (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).  Plaintiff now argues that "the correct legal standard is that this Court must accept as true all factual allegations in plaintiff's complaint, not merely those that are 'undisputed.'"  ECF No. 18 at 9 (citing Kellogg Brown & Root Servs., Inc. v. United States, 728 F.3d 1348, 1365 (Fed. Cir. 2013); Bristol-Myers Squibb Co. v. Royce Labs., Inc., 69 F.3d 1130, 1134 (Fed. Cir. 1995); Gould, 935 F.2d at 1274).

     The court agrees with plaintiff that the legal standard, as recited in its opinion, was imprecise.  While the court must take only undisputed facts as true with regard to motions to dismiss filed pursuant to RCFC 12(b)(1), it takes all factual allegations as true when evaluating the sufficiency of a claim pursuant to RCFC 12(b)(6).

     In Scheuer v. Rhodes, the Supreme Court of the United Stated noted the "limited" nature of the inquiry "[w]hen a federal court reviews the sufficiency of a complaint."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  When considering a motion to dismiss brought under RCFC 12(b)(6), the court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff."  Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing Gould, 935 F.2d at 1274).  It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy."  Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A different standard applies to motions to dismiss pursuant to RCFC 12(b)(1) because the burden of establishing subject matter jurisdiction, by a preponderance of the evidence, falls on the plaintiff.  See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747-48 (Fed. Cir. 1988) (citations omitted).

     The court will correct, by erratum, the legal standards section of its opinion. Despite the inadvertent imprecision in its statement of applicable legal standards, the court did in fact apply the proper standard in evaluating plaintiff's claims, and an erratum to revise the legal standards section of the opinion will not affect the court's analysis.

     The court has carefully considered the arguments in plaintiff's motion to alter or amend the judgment.  But the court does not credit these arguments and thus, does not address them in any detail.  To the extent that plaintiff has identified any disputed material that the court interpreted in defendant's favor, that material reflects argument, rather than factual allegations.  As it reviews the sufficiency of a claim, the court is

required to accept as true plaintiff's alleged facts, not plaintiff's theory of the case. The court based its opinion on the express language of the contract, which was attached to plaintiff's amended complaint, <u>see</u> ECF No. 10-1, and which is an appropriate consideration in determining the sufficiency of plaintiff's claims. <u>Dimare Fresh, Inc. v. United States</u>, 808 F.3d 1301, 1306 (Fed. Cir. 2015) (stating that in evaluating a motion to dismiss for failure to state a claim, the court "primarily consider[s] the allegations in the complaint," but is "not limited to the four corners of the complaint," and may also look to the "matters incorporated by reference or integral to the claim") (internal quotations and citations omitted). Plaintiff's disagreement with the court's ruling on the legal implications of that contract language is not a basis for altering or amending the judgment entered by the court.

IV.     Conclusion

Accordingly, plaintiff's motion to alter or amend the judgment, ECF No. 18, is **DENIED**. The court will issue an erratum to the April 5, 2019, opinion and order for the limited purpose of correcting the legal standards section.

IT IS SO ORDERED.

                                              s/Patricia E. Campbell-Smith
                                              PATRICIA E. CAMPBELL-SMITH
                                              Judge